IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-188

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BILLY JOE GOINES d/b/a GOINES TOWING & ) <br> RECOVERY, ) <br> ) <br> Defendant. ) <br> _____ ) | COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

The United States of America alleges as follows:

### INTRODUCTION AND NATURE OF ACTION

1. The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against Billy Joe Goines d/b/a Goines Towing & Recovery ("Defendant Goines").

2. The purpose of the SCRA is to provide certain protections to servicemembers so that they may devote themselves fully to the Nation's defense. One of these protections is that in any civil action or proceeding "in which the defendant does not make an appearance," the plaintiff must file an affidavit "showing necessary facts to support the affidavit" and "stating whether or not the defendant is in military service" or that "the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1). The plaintiff must use due diligence in completing the affidavit by making a good faith effort to ascertain a defendant's military service status.

1

3. If it appears that a defendant is, in fact, in military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." 50 U.S.C. § 3931(b)(2). Additionally, where a defendant is in military service, "the court shall grant a stay of proceedings for a minimum of 90 days . . . if the court determines that" there may be a defense that requires "the presence of the defendant" or where a court-appointed attorney "has been unable to contact the defendant or . . . determine if a meritorious defense exists." *Id.* at § 3931(d).

4. When a plaintiff fails to file, or files an inaccurate, military affidavit in a default judgment proceeding against an SCRA-protected servicemember, that servicemember is deprived of his or her right to have legal representation and a court decide whether to postpone the legal proceedings.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

6. Venue is proper in this judicial district and division under 28 U.S.C. § 1391(b)(1) because Defendant resides and conducts business in the Eastern District of North Carolina's Southern Division, and under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the Eastern District of North Carolina's Southern Division.

## PARTIES

7. Defendant Goines is a resident of Onslow County, North Carolina, and owns and operates a towing and repossession business headquartered at 3424 Burgaw Highway in Jacksonville, Onslow County, North Carolina. At all times relevant to this complaint, Defendant Goines conducted business as Goines Towing & Recovery.

8. Defendant Goines's business is approximately 13 miles from United States Marine Corps Base Camp Lejeune ("Camp Lejeune"), a 246-square-mile military facility in Jacksonville, North Carolina, with a population of almost 40,000 active duty military members.

9. In 2021, Jacksonville, North Carolina, had a population of about 73,000 according to the United States Census Bureau. This number does not include residents of Camp Lejeune.

10. Over one third of the individuals living in Jacksonville, North Carolina, is active duty military.

## FACTUAL ALLEGATIONS

11. Corporal ("Cpl") Cameron M. Chancellor is a full-time active duty member of the United States Marine Corps (Marines) who, between about February 14, 2021, and December 2021, was stationed in Okinawa, Japan, with his military unit.

12. On or around December 23, 2019, prior to deploying to Okinawa, Cpl Chancellor purchased a 2007 Toyota FJ Cruiser ("FJ Cruiser") from another Marine, and obtained a $13,000 loan from Navy Federal Credit Union ("NFCU") to purchase the vehicle.

13. In order to be a member of, and secure a loan from, NFCU, an individual or one of their family or household members must have ties to the armed forces, the Department of Defense, or the National Guard.

14. Prior to deploying to Okinawa, Cpl Chancellor registered and titled the FJ Cruiser in North Carolina under two addresses: one at Camp Lejeune and the other at his mother's home in Alabama.

15. At the time of Cpl Chancellor's deployment to Okinawa, the FJ Cruiser had a Marines decal on the rear passenger's side window, photographs of Cpl Chancellor and other military members in uniform in the center console, and about 16 military patches Velcroed to the

ceiling of the interior of the vehicle. One of the patches featured Cpl Chancellor's military battalion's logo and listed his name, military unit at Camp Lejeune, military identification number, and blood type. Other patches were from previous military assignments abroad, including to South Korea and Norway.

16. On or around February 14, 2021, prior to deploying, Cpl Chancellor parked the FJ Cruiser at Brookview Apartments in Jacksonville, North Carolina, an apartment complex where his best friend resided at the time. Brookview Apartments is 6.2 miles from Camp Lejeune.

17. In about February 2021, after Cpl Chancellor had deployed, Defendant Goines towed the FJ Cruiser from the complex.

18. In about August 2021, Cpl Chancellor's mother received a letter addressed to Cpl Chancellor from the North Carolina Department of Motor Vehicles ("NCDMV"), stating that Defendant Goines had towed the FJ Cruiser, was intending to sell it, and was claiming a lien of $5,880 on the vehicle for towing and storage fees.

19. After learning of the letter from NCDMV and prior to October 26, 2021, Cpl Chancellor called Defendant Goines and informed the agent who answered the telephone that he was an active duty Marine deployed to Japan. In response, the agent informed Cpl Chancellor that he had to pay a cash fee to get the FJ Cruiser released or it would be sold. Cpl Chancellor was unable to retrieve the vehicle because he was in Japan, and Goines refused to take any form of payment other than cash to release the vehicle.

20. On or around October 26, 2021, Defendant Goines filed a civil action in the Onslow County General Court of Justice, Superior Court Division ("Onslow Superior Court"), seeking a court order allowing it to sell Cpl Chancellor's FJ Cruiser at a public sale to be held on November 22, 2021.

21.     Also on or around October 26, 2021, Defendant Goines's agent, Mary Barfield, filed a "Servicemembers Civil Relief Act Declaration" ("military affidavit") dated October 12, 2021, stating that she was unable to determine whether Cpl Chancellor was in military service and was unable to use the Department of Defense's Defense Manpower Data Center Database ("DMDC") to check for periods of military service associated with Cpl Chancellor because she did not have his Social Security Number ("SSN").

22.     Also on or around October 26, 2021, the Onslow Superior Court issued a default judgment allowing Defendant Goines to sell Cpl Chancellor's vehicle.

23.     On or around December 1, 2021, Cpl Chancellor again called Defendant Goines and was told that his vehicle had been sold to a third party two days earlier.

24.     On or around December 8, 2021, the FJ Cruiser was retitled to Tampa Bay Auto Experts, Inc. in Tampa, Florida. The purchase price listed on an invoice prepared by Defendant Goines was $4,500.

25.     Defendant Goines failed to exercise reasonable due diligence and failed to make a good faith effort when it filed the military affidavit stating that it was unable to determine Cpl Chancellor's military service status.

26.     At no point did Defendant Goines contact either Cpl Chancellor or his mother or send a letter to either address under which the FJ Cruiser was registered and titled to ascertain whether Cpl Chancellor was in military service.

27.     At no point did Defendant Goines attempt to contact anyone at Camp Lejeune to ascertain whether Cpl Chancellor was in military service or was part of the military battalion and unit listed on the Velcro patch that was affixed to the interior of the FJ Cruiser.

28. Defendant Goines filed a military affidavit stating that it could not tell whether or not Cpl Chancellor was in military service despite the fact that Cpl Chancellor had previously called Defendant Goines and informed the agent that he was an active duty Marine deployed to Okinawa, and despite the fact that the interior of the FJ Cruiser had a Marines decal on the rear passenger's side window, photographs of Cpl Chancellor and other military members in uniform in the center console, and 16 military patches Velcroed to the ceiling of the interior of the vehicle. One of the military patches featured Cpl Chancellor's military battalion's logo and listed his name, military unit at Camp Lejeune, military identification number, and blood type. At no point did Defendant Goines attempt to contact NFCU directly to determine whether Cpl Chancellor was in military service. A simple internet search reveals that in order to be a member of, or secure a loan from, NFCU, an individual or one of their family or household members must have ties to the armed forces, the Department of Defense, or the National Guard.

29. From at least February 28, 2017, through the date of the filing of this Complaint, Defendant Goines has auctioned off, sold, or otherwise disposed of motor vehicles and personal effects belonging to multiple other SCRA-protected servicemembers after failing to file, or filing inaccurate, military affidavits in default judgment proceedings against those servicemembers.

30. For example, on or around August 28, 2020, Defendant Goines filed a military affidavit in a default judgment proceeding it brought in Onslow Superior Court to sell a servicemember's 2001 Ford F250 truck. Defendant Goines had towed the servicemember's truck from a parking space outside of military barracks at Marine Corps Air Station New River ("MCAS New River"), a part of Camp Lejeune. In the affidavit, Defendant Goines's agent stated that she was unable to determine whether the vehicle's owner, whose address was listed in the affidavit as "MCAS New River," was in military service. The agent failed to include any

facts in the affidavit showing that any efforts were made to contact MCAS New River or any other person or entity to ascertain the vehicle owner's military service status. In September 2020, Defendant Goines auctioned off the servicemember's 2001 Ford F250 truck which, at the time, had a value of up to $14,500 and contained about $1,400 worth of tools. After the servicemember lost his truck, his vehicle loans went into collections, adversely affecting his credit score and making it difficult for him to obtain new loans.

31. In another example, on or around June 24, 2019, Defendant Goines filed a military affidavit in a default judgment proceeding it brought in Onslow Superior Court to sell a 1995 Chevrolet Silverado truck it had towed from a barracks parking lot on Camp Lejeune. At the time it was towed, the truck contained at least one Marine Corps Combat Utility Uniform and a set of Marine coveralls. In the affidavit, Defendant Goines's agent stated that he was unable to determine whether the vehicle owner was in military service because he did not have the vehicle owner's SSN. The agent failed to include any facts in the affidavit showing that any efforts were made to contact Camp Lejeune or any other person or entity to ascertain the vehicle owner's military service status.

32. In a third example, on or around December 18, 2019, Defendant Goines filed a military affidavit in a default judgment proceeding it initiated in Onslow Superior Court to sell a servicemember's 1999 Honda Civic that it had towed from Camp Lejeune. In the affidavit, Defendant Goines's agent stated that she was unable to determine whether the vehicle's owner, whose address was listed as a post office box on Camp Lejeune, was in military service. The agent failed to include any facts in the affidavit showing that any efforts were made to contact Camp Lejeune or any other person or entity to ascertain the vehicle owner's military service

status or any explanation as to why Goines was unable to determine the defendant vehicle owner's military service status.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

33. The SCRA provides that in any civil action or proceeding in which the defendant does not appear, the plaintiff is required to file an accurate affidavit stating that: 1) the defendant is in military service; 2) the defendant is not in military service; or 3) the plaintiff is unable to determine whether the defendant is in military service. 50 U.S.C. § 3931(b)(1).

34. Defendant Goines's actions in failing to file, and filing inaccurate, military affidavits in default judgment proceedings against SCRA-protected servicemembers constitutes a pattern or practice of SCRA violations under 50 U.S.C. § 4041(a)(1).

35. Defendant Goines's actions in failing to file, and filing inaccurate, military affidavits in default judgment proceedings are violations of the SCRA that raise an issue of significant public importance under 50 U.S.C. § 4041(a)(2).

36. Cpl Chancellor and the other SCRA-protected servicemembers whose motor vehicles were sold, auctioned off, or otherwise disposed as a result of default judgments obtained by Defendant Goines without accurate military affidavits are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant Goines's conduct.

37. Defendant Goines's conduct was intentional, willful, and taken in reckless disregard for the rights of servicemembers.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that Defendant Goines's conduct violated the SCRA;

2. Enjoins Defendant Goines, its agents, employees, and successors, and all other persons and entities in active concert or participation with them, pursuant to 50 U.S.C. § 4041(b)(1), from:

    a. failing to file, and filing inaccurate, military affidavits in default judgment proceedings against SCRA-protected servicemembers in violation of the SCRA, 50 U.S.C. § 3931;

    b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant Goines's illegal conduct to the position he or she would have been in but for that illegal conduct; and

    c. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant Goines's illegal conduct;

3. Awards appropriate monetary damages to each identifiable victim of Defendant Goines's violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2); and

4. Assesses civil penalties against Defendant Goines in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

The United States further prays for such additional relief as the interest of justice may require.

Dated: March 3, 2023

Respectfully submitted,

MERRICK B. GARLAND
Attorney General

MICHAEL F. EASLEY, JR.
United States Attorney
Eastern District of North Carolina

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

/s/ C. Michael Anderson
C. MICHAEL ANDERSON
Assistant United States Attorney
Chief, Civil Division
150 Fayette Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: michael.anderson7@usdoj.gov
N.C. Bar No. 42646

SAMEENA SHINA MAJEED
Chief
Housing and Civil Enforcement Section

ELIZABETH A. SINGER
Director
U.S. Attorneys' Fair Housing Program
Housing and Civil Enforcement Section

/s/ Chelsea W. Draper
CHELSEA W. DRAPER
Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27612
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: Chelsea.Draper@usdoj.gov
Missouri Bar No. 64824

*Attorneys for the United States*

/s/ Tanya Ilona Kirwan
TANYA ILONA KIRWAN
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street, N.E., Suite 8.125
Washington, District of Columbia 20530
Telephone: (202) 305-4973
Facsimile: (202) 514-1116
Email: tanya.kirwan@usdoj.gov
Maryland Bar

*Attorneys for the United States*