UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-cv-188-BO-KS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　v.<br><br>BILLY JOE GOINES d/b/a GOINES TOWING & RECOVERY,<br><br>　　　　Defendant. | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Defendant Billy Joe Goines d/b/a Goines Towing & Recovery ("Goines Towing"), through counsel and pursuant to Fed R. Civ. P 12(b)(6) and Local Civil Rules 7.1 and 7.2, replies as follows to the government's Response in Opposition to Defendant's Motion to Dismiss ("Opposition" or "Opp."). *See* DE 14.

## ARGUMENT

Goines Towing's Motion to Dismiss should be granted because the government cannot change the fact that the Servicemembers Civil Relief Act ("SCRA") does not provide the standard of due diligence the government wants. Therefore, the government is left with nothing to sue upon except a strained interpretation of SCRA'a plain language and a few distinguishable out-of-circuit district court opinions. Its Opposition should also be rejected because its allegations—even as an alleged pattern and practice—are insufficient under Rule 12(b)(6).

**I.     THE GOVERNMENT DOES NOT SUFFICIENTLY ALLEGE A PLAUSIBLE CLAIM THAT GOINES TOWING FAILED TO FILE OR FILED INACCURATE SCRA AFFIDAVITS.**

In its Complaint, the government made a passing, vague statement that Goines Towing did not file SCRA affidavits. *See* Compl. ¶ 29. This vague statement has no factual support that puts Goines Towing on notice of the allegations it must defend against. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007) ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). Merely because the government alleges a pattern or practice does not mean that the government is relieved from meeting the notice requirements of Rule 8 and *Twombly*. Apparently, realizing this, for the first time in its Opposition, the government now states it is supposedly aware of several instances when this occurred, which it did not bother to mention in its Complaint. Opp., at 10 n.4.

The government cannot now try to amend its Complaint through its Opposition. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing . . . ."). Nonetheless, whether it can amend or not, these mysterious unidentified instances of failure to file should be dismissed because they remain conclusory and still are "not supported by any reference to particular acts, practices, or policies." *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *accord Beckham v. Petterson*, No. 3:22-CV-00409-MR, 2023 WL 2314872, at *2 (W.D.N.C. Mar. 1, 2023) ("The Court need not . . . accept . . . conclusory factual allegations devoid of any reference to actual events.").

Interestingly, the facts the government does allege support the opposite conclusion—Goines Towing regularly filed SCRA affidavits in its default judgment proceedings. *See* Compl. ¶¶ 21, 30–32. The four instances the government actually puts Goines on notice for are all incidents where a SCRA affidavit was filed. *Id.*

However, the government's allegations do not support a reasonable inference that Goines Towing inaccurately stated it could not determine the various defendants' military statuses. The government does not contend that any of the indicators of military service did anything more than suggest that someone connected to the subject vehicles may have been in the military. Opp., at 11. These allegations are insufficient to lead to a reasonable inference that Goines Towing violated SCRA, or had a pattern or practice of doing so, when it said it was "unable" to make a sworn affirmative statement about the vehicles' owners.

Based on the absence of factual support in the Complaint, any theory of liability that rests on a supposed failure to file any or inaccurate SCRA affidavits must be disregarded under Rule 8. Accordingly, the government's theory of liability really rests on its manufactured standard of due diligence under Section 3931(b)(1)(B) of SCRA.

## II. THE GOVERNMENT'S PROPOSED INTERPRETATION OF SCRA IGNORES THE STATUTE'S PLAIN LANGUAGE.

### A. SCRA's plain language forecloses the government's interpretation.

The government's position appears to be that an affiant can never claim they are "unable" to determine military status until they have conclusively established that a defendant's military status is inconclusive. *See* Opp., at 11, 16–19. However, statutory readings that impose impossible requirements are absurd and must be avoided. *See, e.g.*, *In re Fed.-Mogul Glob. Inc.*, 684 F.3d 355, 370 (3d Cir. 2012); *Sandler ex rel. Sandler v. Hickey*, 5 F. App'x 233, 236 (4th Cir. 2001).

3

In its Opposition, the government concedes that there is no ambiguity in SCRA's affidavit provision, Opp., at 8, but then urges the Court to adopt an interpretation of SCRA that is anything but plain. The key provision in SCRA is Section 3931(b)(1)(B), which states:

> In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
> . . .
> **(B)** if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

The government's argument for liability hinges on the definition of the word "unable." Opp., at 10–11. After correctly noting that SCRA does not define "unable," the government cites several definitions of the word, none of which include "good faith," "due diligence," or any other language suggesting any standard of diligence or duty to investigate—because there is none.

The government cannot really say what constitutes a good faith investigation or how long the investigation must be before it can be abandoned. *See generally* Opp. There is a simple reason why: There is no statute or regulation that spells out even the broad boundaries of such a duty, and case law is equally unhelpful. *See infra*, Section III. Nonetheless, the government wrongly insists that an affiant must conduct a "good faith" investigation before declaring they cannot determine military status.

Additionally, the government's manufactured requirements set a bar that small businesses—like Goines Towing—or a private citizen plaintiff cannot reach. For example, the government asserts that Goines Towing should have used a commercial database to obtain social security numbers and dates of birth so it could use the Defense Manpower Data

4

Center's ("DMDC's") database. Opp., at 19–20.[1] What the government did not say is that these sources are not available to every business or individual. *See, e.g., Asset Recovery*, TLOxp, https://www.tlo.com/repossession-industry ("Complete SSN and DOB results are available for customers in the following industries only: licensed investigators, repossession agents, bail bonds, process servers" but <u>not</u> towing companies). This means that <u>all</u> plaintiffs are constantly legally exposed to whatever DOJ's currently favored interpretation of SCRA is—including small businesses and *pro se* plaintiffs—that may not have the resources or ability to conduct anywhere close to the level of diligence DOJ happens to want at any particular moment.

The government asserts that Goines Towing's plain reading of the statue leads to "absurd" results. Opp., at 12–13. Actually, the government's interpretation is "absurd" because it excises an entire provision of Section 3931. It is theoretically possible to determine the military status of any person with unlimited financial, time and legal resources. However, the plain language of SCRA allows a real affiant to declare if they are unable to do so, 50 U.S.C. § 3931(b)(1)(B). Allowing an affiant to follow the plain language of Section 3931(b)(1)(B) does not nullify SCRA's overall affidavit requirement. Opp., at 13. Yet, under the government's interpretation, Section 3931(b)(1)(B) is not an option for affiants. According to the government, only after an affiant establishes that they "truly lacked the ability to determine military status" can they state they are unable to determine military status. Opp., at 11.

---

[1] The Complaint contains no allegations about Goines Towing's awareness of these commercial databases or its ability to use those services. The DMDC is the website listed on the North Carolina form declaration, *see* DE 13-4, at 3, and there is no requirement in SCRA, any regulation, or any binding case law that requires the use of a third-party commercial database.

5

Congress expressly allowed an affiant who cannot determine a defendant's military status to say so—it did not say what steps an affiant must take before making that determination. The affidavit requirement exists to inform a court about a plaintiff's knowledge of the defendant's military status before default judgment is entered. An affiant telling a court that they do not know one way or another then triggers the court to use a slew of tools in its arsenal to ensure the rights of potential servicemembers are protected. *See* 50 U.S.C. § 3931(b), (d). There is nothing absurd about this scheme. *See Carroll v. Logan*, 735 F.3d 147, 152 (4th Cir. 2013) ("[C]ourts should give effect to every word of a statute whenever possible.").

**B. Case law does not support the government's interpretation.**

Because three judges[2] in other circuits have written unpublished opinions stating there is some undefined duty to investigate lurking in Section 3931(b)(1)(B)'s language, the government contends that case law makes "clear that Goines had an obligation to research defendants' military service . . . ." Opp., at 15. The government is mistaken about this case law. As the government implicitly concedes, there is no regulation setting out such a standard, and neither "the Supreme Court nor the Fourth Circuit has spoken on" the issue. Opp., at 14. Indeed, the government does not point to a single district court in the Fourth Circuit that has done so either.

The only cases the government has to support this lawsuit are unhelpful out-of-circuit cases that address inapposite issues. First, none of the cases dealt with an enforcement action under 50 U.S.C. § 4041, but instead analyzed motions for default judgment or a motion for

---

[2] Two are written by the same judge, M.D. Fla. U.S. District Judge Morales Howard. *Solis v. J.W. Buckholz Traffic Eng'g, Inc.*, No. 3:11-CV-248-J-34MCR, 2012 WL 13136939, at *1 (M.D. Fla. Nov. 13, 2012); *First Acceptance Ins. Co., Inc. v. Ramirez*, No. 308CV01078J34JRK, 2009 WL 10671304, at *1 (M.D. Fla. July 21, 2009).

relief from a default judgment. *See Solis*, 2012 WL 13136939, at *1; *First Acceptance*, 2009 WL 10671304, at *1; *Chanel, Inc. v. Adeyemi*, No. CV-08-1269-PHX-ROS, 2009 WL 2590640, at *1 (D. Ariz. Aug. 21, 2009); *Merrill v. Beard*, No. 5:05CV768, 2007 WL 461469, at *1 (N.D. Ohio Feb. 7, 2007).

Second, some of these cases conflate Section (b)(1)(A) with (b)(1)(B) when noting the need to provide facts supporting an affidavit. *See First Acceptance*, 2009 WL 10671304, at *2; *Solis*, 2012 WL 13136939, at *3; *Merrill*, 2007 WL 461469, at *3 (citing 50 U.S.C.A § 521(b)(1)). To clarify, an affiant may state "whether or not the defendant is in military service," but they must show "necessary facts to support the affidavit . . . ." 50 U.S.C. § 3931(b)(1)(A). By contrast, an affiant who states they are unable to make a determination either way need not provide *any* facts.[3] *Id.* § 3931(b)(1)(B); *see also Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768, 777 (2020) ("[Courts] generally presume that Congress acts intentionally . . . when it includes particular language in one section of a statute but omits it in another."). Only one of the cases cited by the government correctly noted this distinction. *See Chanel, Inc.*, 2009 WL 2590640, at *2.

Third and relatedly, two of the government's cases dealt with affidavits filed pursuant to (b)(1)(A) that did not include the statutorily-required facts. *See Solis*, 2012 WL 13136939, at *3; *Chanel, Inc.*, 2009 WL 2590640, at *2. The issue in those cases is statutorily distinct from the case at bar, which involves Section (b)(1)(B).

Perhaps most concerning is that none of these cases cited authority directly supporting the conclusion that there is a duty to investigate. Instead, each relied on the broad purpose of SCRA rather than the plain, clear language of the statute itself. *Solis*, 2012 WL

---

[3] Nonetheless, even as the government notes, Goines Towing did provide information in some of its affidavits about its unsuccessful attempts to use the DMDC database. Compl. ¶¶ 21, 31–32; DE 13-4, at 3.

7

13136939, at *3; *First Acceptance*, 2009 WL 10671304, at *2; *Chanel, Inc.*, 2009 WL 2590640, at *1; *Merrill*, 2007 WL 461469, at *3.[4]

And finally, none of these cases define what a "good faith" investigation is. To the contrary, the government parades in its Opposition an affidavit in the *Zaid* case where the affiant's affidavit was accepted and stated that she could not determine Mr. Zaid's military status because she needed a social security number or date of birth, which she presumably did not have. *See* Opp., Exh. 5, ¶ 6. However, in this matter, this level of effort and explanation by Goines Towing provided on a court-generated form with court-generated directions to complete are now not good enough for the government's standards. *See supra* n.3.

Moreover, none of the cases cited by Goines Towing that the government points to hold that there is a "good faith" duty to investigate prior to filing an "unable to determine" affidavit either. The government correctly notes that some of those cases involved extraordinary efforts by plaintiffs prior to declaring themselves unable to determine the defendants' military status. Opp., at 16–19. However, those extraordinary efforts are not the standard imposed by SCRA, nor do any of those decisions state otherwise. *See* Def.'s Br. in Supp. of Mot. To Dismiss ("Def.'s Br."), DE 13, 13–14 (citing case law).

As it does with SCRA's plain language, the government is stretching plain language in these decisions that all state that "if the plaintiff is without sufficient information to determine whether the defendant is in military service, the affidavit should state that the plaintiff is unable to make such a determination." *See, e.g., Mountain 1st Bank & Tr. v.*

---

[4] *Chanel*, did cite *Merrill*, but *Merrill* did not provide sufficient legal support for its own conclusion.

*Spencer*, No. 7:11-CV-01433-GRA, 2011 WL 13220340, at *1 (D.S.C. July 28, 2011). That is exactly what Goines Towing did.

### III. THE COURT CAN AND SHOULD CONSIDER DEFENDANT'S EXHIBITS AND STATE LAW GOVERNING DEFAULT VEHICLE SALES.

SCRA affidavits only exist in one context: default judgment proceedings. *See* 50 U.S.C. § 3931(a). The Complaint contains numerous allegations about these proceedings to sell servicemembers' vehicles, *see* Compl. ¶¶ 18–24, yet the government asks the Court not to consider those state court proceedings. Opp., at 21–22. The government cannot accuse Goines Towing of abusing state processes and then ask the Court to ignore the judicially noticeable context that contradict the basis of the government's Complaint.

The Court may consider these matters on two grounds: (1) the Court may take judicial notice of the materials, and/or (2) the Court may review the materials because they are relied on in the Complaint and authentic. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *accord Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *Blackman v. Bos. Whaler, Inc.*, No. 7:22-CV-17-D, 2023 WL 115564, at *2 (E.D.N.C. Jan. 5, 2023).

First, court records are public records of which a court may take judicial notice. *Lolavar v. de Santibanes*, 430 F.3d 221, 224 & n.2 (4th Cir. 2005) (taking judicial notice of state court records). The court may also take judicial notice of state law. *Jones v. Penn Nat. Ins. Co.*, 835 F. Supp. 2d 89, 95 (W.D.N.C. 2011).

Second, the Court may also consider Goines Towing's exhibits because they are integral to and explicitly relied upon in the Complaint, and the government does not appear to question their authenticity. *See Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011). For example, the Complaint alleges that Goines Towing filed a SCRA affidavit "on or about October 26, 2021," that was signed by Mary Banfield and dated October 12, 2021. Compl. ¶

9

21. That affidavit was attached as Exhibit D to Goines Towing's brief in support of its Motion. DE 13-4. The rest of the exhibits are publicly available court forms that Goines Towing used to sell the vehicles, as alleged in the Complaint. *See* Compl. ¶¶ 30–32.

## CONCLUSION

For these reasons, the Court should grant Defendant's Motion and dismiss the Complaint in its entirety with prejudice.

Respectfully submitted, this 6th day of June, 2023.

BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, L.L.P.


/s/ Shana L. Fulton
Shana L. Fulton
  N.C. State Bar No. 27836
sfulton@brookspierce.com
William O. Walker IV
  N.C. State Bar No. 55200
wwalker@brookspierce.com
Christopher B. Dodd
  N.C. State Bar No. 59294
cdodd@brookspierce.com
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Telephone: (919) 573-6204
Fax: (336) 232-9104
*Attorneys for Defendant*

**CERTIFICATE OF WORD COUNT**

      I hereby certify that the foregoing document complies with the word count limits established in Local Civil Rule 7.2(f). Specifically, the document contains 2,740 words, as counted in compliance with Local Civil Rule 7.2(f)(1).

                                                         /s/ Shana L. Fulton  
                                                         Shana L. Fulton

11

Case 7:23-cv-00188-BO-KS   Document 15   Filed 06/06/23   Page 11 of 12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-188-BO-KS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BILLY JOE GOINES d/b/a GOINES TOWING & RECOVERY,<br><br>    Defendant. | **CERTIFICATE OF SERVICE** |

    I hereby certify that the foregoing document was served on the following parties via CM/ECF:

**Chelsea W. Draper**
**Christopher M. Anderson**
United States Attorney's Office - EDNC
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601

**Tanya I. Kirwan**
Department of Justice – Civil Rights Division
Housing and Civil Enforcement Section
4 Constitution Square
150 M Street, N.E., Suite 8.125
Washington, D.C. 20530

Respectfully submitted, this the 6th day of June, 2023.

                                                      /s/ Shana L. Fulton
                                                    Shana L. Fulton