IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-188-BO-KS

UNITED STATES OF AMERICA,             )
                     Plaintiff,       )
                                      )
        v.                            )          O R D E R
                                      )
BILLY JOE GOINES d/b/a GOINES         )
TOWING & RECOVERY,                    )
                     Defendant.       )


This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded,

defendant has replied, and in this posture the motion is ripe for ruling. For the reasons that follow,

defendant's motion to dismiss is denied.

BACKGROUND

Plaintiff, the government, filed this action against defendant, Goines Towing, alleging

violations of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. §§ 3901-4043. [DE 1]

Compl. ¶ 1. One of the protections provided to servicemembers by the SCRA is that in any civil

action or proceeding, judgment may not be entered against a non-appearing defendant unless the

plaintiff files an affidavit

> (A) stating whether or not the defendant is in military service and showing
> necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military
> service, stating that the plaintiff is unable to determine whether or not the defendant
> is in military service.

50 U.S.C. § 3931(b)(1). The government alleges that the "plaintiff must use due diligence in completing the affidavit by making a good faith effort to ascertain a defendant's military service status." Compl. ¶ 2.

Goines Towing is located less than fifteen miles from United States Marine Corps Base Camp Lejeune (Camp Lejeune) in Jacksonville, North Carolina. *Id.* ¶ 8. More than one-third of the individuals living in Jacksonville are active-duty members of the military. *Id.* ¶ 10. The government includes in its complaint allegations relating several active-duty military members whose personal vehicles were towed by Goines Towing. Goines Towing ultimately obtained default judgments and sold the vehicles utilizing state court procedures. In each case, Goines Towing filed an affidavit stating that it was unable to determine whether or not the vehicle-owner was in military service. *See id.*, ¶¶ 19-24; 30-32; *see also* 50 U.S.C. § 3931(b)(1)(B). But in each of the specific instances alleged by the government in its complaint, Goines Towing was either on notice from the vehicle owner himself that he was active-duty military or there was other evidence, such as an on-base registration address or the presence of military uniforms in the vehicle, which would have alerted Goines Towing that the owner may have been active-duty military. *Id.* ¶¶ 19, 30, 32. In the affidavits cited in the complaint, Goines Towing either provided no explanation or indicated that it was unable to determine the owner's military status because it did not have a social security number which would allow it to search the Department of Defense's Defense Manpower Data Center Database to check for periods of military service. *Id.* ¶¶ 21, 31. The government further alleges that since at least February 2017, Goines Towing has "auctioned off, sold, or otherwise disposed of motor vehicles and personal effects belonging to multiple other SCRA-protected servicemembers after failing to file, or filing inaccurate, military affidavits in default judgment proceedings against those servicemembers. *Id.* ¶ 29.

2

## DISCUSSION

Goines Towing has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Goines Towing contends that the government's allegation that it failed to conduct sufficient due diligence or "good faith" efforts to investigate the military status of the owners of vehicles it towed and subsequently sold is based upon an unsupported reading of the statute – specifically, that the level of diligence or good faith efforts that the government alleges Goines Towing should have undertaken prior to certifying that it was unable to determine a defendant's military status is not required by the SCRA. Goines Towing has attached to its motion a copy of the North Carolina form provided for certifying a defendant's military status. [DE 13-1]. It contends that its completion of this form, including where it checked the box indicating that it was unable to determine whether the defendant was in military status, satisfied its duty under the SCRA. At bottom, Goines Towing contends that the government's theory of relief is not cognizable, and that

3

the complaint should thus be dismissed. *See Greer v. Gen. Dynamics Info. Tech., Inc.*, 808 F. App'x 191, 193 (4th Cir. 2020). Goines Towing also argues that it complied with both the SCRA and North Carolina law by filing the necessary North Carolina forms in support of its requests for default judgment in each of the specific instances identified by the government in its complaint.

The parties agree that unless a statute is ambiguous, courts are to consider its plain meaning. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). As is relevant here, "the United States Supreme Court has unambiguously required courts to give a broad construction to the statutory language of the SCRA to effectuate the Congressional purpose of granting active-duty members of the armed forces repose from some of the trials and tribulations of civilian life . . .." *Brewster v. Sun Tr. Mortg., Inc.*, 742 F.3d 876, 879 (9th Cir. 2014).

At issue is what it means for a party to be "unable" to determine a defendant's military status. The term is not defined in the statute, but its common, dictionary meaning includes: "Not able, not having ability or power, to do or perform (undergo or experience) something specified." *Unable Definition,* Oxford English Dictionary online, https://www.oed.com/dictionary/unable_adj?tab=meaning_and_use#17141443. Thus, in order to file an affidavit under 50 U.S.C. § 3931(b)(1)(B), Goines Towing must have been unable, or lacked the ability or power, to determine a defendant's military status. In its complaint, the government alleges that, in both the specific instances identified and others, Goines Towing had the ability or power to determine a defendant's military status, but that it did not. Indeed, the government alleges

4

that Goines Towing engaged in a pattern or practice of SCRA violations by both failing to file and filing inaccurate military affidavits in default judgment proceedings.

This is sufficient to state a claim under Rule 12(b)(6), and the Court will not dismiss the complaint at this early stage of the proceeding.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 12] is DENIED.


SO ORDERED, this **17** day of October 2023.



TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5