IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-188-BO-KS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BILLY JOE GOINES d/b/a GOINES TOWING & | ) |
| RECOVERY, | ) |
| | ) |
| Defendant. | ) |

## CONSENT ORDER

### I. INTRODUCTION

1. This Consent Order resolves the allegations in the United States' Complaint that Billy Joe Goines d/b/a Goines Towing & Recovery (hereinafter "Defendant") violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, by engaging in a pattern or practice of failing to file, and filing inaccurate, military affidavits in default judgment proceedings against SCRA-protected servicemembers.

2. Defendant is a resident of Onslow County, North Carolina, and owns and operates a towing and repossession business that is headquartered at 3424 Burgaw Highway in Jacksonville, Onslow County, North Carolina.

3. The United States and Defendant (hereinafter collectively "the Parties") agree, and the Court independently finds, that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

1

4. The Parties agree that, to avoid costly and protracted litigation, the claims against Defendant can be resolved without further proceedings or an evidentiary hearing. The Parties also agree, and by entry of this order the Court finds, that this Consent Order is fair, adequate, and reasonable, and is not illegal, the product of collusion, or against the public interest. Therefore, as indicated by the signatures appearing below, the Parties agree to the entry of this Consent Order.

It is hereby ORDERED, ADJUDGED, and DECREED:

## II. INJUNCTIVE RELIEF[1]

5. Defendant, and all of his employees, agents, representatives, assigns, and successors-in-interest, as well as all persons and entities in active concert or participation with Defendant, are hereby enjoined from failing to file, and/or filing inaccurate, military affidavits in default judgment proceedings against SCRA-protected servicemembers.

## III. COMPLIANCE WITH THE SCRA AND SCRA POLICIES AND PROCEDURES

6. Within thirty (30) calendar days of the date of entry of this Consent Order, Defendant shall develop SCRA Policies and Procedures for Seeking Default Judgments in compliance with 50 U.S.C. § 3931. These policies and procedures must include the following:

> a. Prior to filing any court action seeking a court order authorizing the sale, auction, or disposal of any vehicle he towed and stored, Defendant shall use that vehicle's identification number (hereinafter "VIN") to obtain the registered owner's/owners' names(s) and address(es) from the North Carolina Department of Motor Vehicles ("DMV"). Using this information from the DMV, Defendant

---

[1] Nothing in this Consent Order shall preclude Defendant from offering greater protections to servicemembers than those afforded by this Consent Order or the SCRA.

2

shall conduct a search of a commercially available public records database to obtain the owner's/owners' Social Security Number(s), or, if (a) Social Security Number(s) cannot be found, the owner's/owners' date(s) of birth. Where the commercially available public records database is unable to generate an owner's name, and, therefore, a Social Security Number and/or a date of birth, Defendant shall skip step "b" below, and proceed to step "c."

b.  Defendant shall then attempt to determine whether that vehicle owner is an SCRA-protected servicemember by searching the Department of Defense Manpower Data Center ("DMDC") website by last name and Social Security Number or, in cases where a Social Security Number could not be found, by last name and date of birth. When searching the DMDC by Social Security Number or date of birth, if Defendant is aware of any last name variants or aliases (e.g., maiden names, hyphenated or composite surnames, or variant spellings) used by a vehicle owner, Defendant shall run a separate DMDC search for each name variant or alias.

c.  Where Defendant has been unable to search the DMDC using an individual's name and Social Security Number or date of birth, Defendant shall also attempt to determine whether a particular vehicle is associated with a servicemember by: 1) requesting and reviewing any available vehicle ownership information held by a third party who requested the tow or had the request made on its behalf (e.g., an apartment complex or shopping center) if that third party allows access of this information to Defendant; and 2) inspecting the vehicle for

3

evidence of military service[2] (e.g., military related decals, military license plates, a vehicle registration with a military address, and/or contents evidencing military service). Defendant need only inspect a vehicle for contents evidencing military service where Defendant has access to the interior of that vehicle (e.g., a vehicle door is unlocked, Defendant has a key to the vehicle, or a vehicle window is open such that a door may be opened from the inside).

d. When Defendant seeks a court order authorizing the sale, auction, or disposal of a vehicle and the SCRA-protected owner(s) does/do not make an appearance, before seeking a default judgment, Defendant shall file an affidavit of military service with the court prepared in accordance with 50 U.S.C. § 3931(b). The affidavit must be signed and prepared only after taking the actions necessary to comply with the other provisions of Paragraph 6 and must be executed no more than two (2) business days prior to the date that the request for default judgment is made. Defendant shall attach a copy of a DMDC Status Report Pursuant to the SCRA ("DMDC Status Report") to the affidavit unless the commercially available public records database used was unable to generate the vehicle owner's name, and, therefore, Social Security Number and/or date of birth.

e. If Defendant wants a vehicle's owner(s) to sign over title to a vehicle, Defendant must first ask if the vehicle's owner(s) is/are in military service. If the owner(s) is/are in military service, before the title may be signed over to

---

[2] For purposes of this Consent Order, the terms "military service" and "period of military service" shall have the definitions set forth in Section 3911 of the SCRA, 50 U.S.C. § 3911(2) and (3).

4

Defendant, Defendant must obtain a waiver of SCRA rights in the form of Exhibit 1 from the owner(s).

7. No later than thirty (30) calendar days after the date of entry of this Consent Order, Defendant shall provide a copy of the proposed SCRA Policies and Procedures required under Paragraph 6 to counsel for the United States.[3] The United States shall respond within thirty (30) calendar days after receipt. If the United States objects to any part of Defendant's SCRA Policies and Procedures, the Parties shall confer to resolve their differences. If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution. Defendant shall begin the process of implementing the SCRA Policies and Procedures within ten (10) calendar days of approval by the United States or the Court.

8. If, at any time during the term of this Consent Order, Defendant proposes to materially change its SCRA Policies and Procedures, he shall first provide a copy of the proposed changes to counsel for the United States. The United States shall respond to Defendant's proposed changes within twenty-one (21) calendar days after receipt. If the United States objects to any part of Defendant's proposed changes, the Parties shall confer to resolve their differences. If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.

---

[3] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by commercial overnight delivery addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 4 Constitution Square, 150 M Street, N.E., Washington, DC 20002, Attn: DJ 216-54-7.

5

## IV. TRAINING

9. During the term of this Consent Order, Defendant shall obtain annual SCRA compliance training for all of his employees. The training shall be conducted by a qualified individual or entity, unconnected to Defendant or his counsel, and be approved by the United States. Such training may be virtual or pre-recorded. Defendant shall also obtain SCRA compliance training for any new employee within sixty (60) calendar days of his or her hiring. Defendant shall ensure that his employees receive the initial annual training within ninety (90) days of the date of entry of this Consent Order. The United States agrees to provide this training at no cost to Defendant, at dates and times to be mutually agreed upon by the parties.

10. Defendant shall secure a signed statement in the form attached as Exhibit 2 from each employee at the trainings required by Paragraph 9 acknowledging that he or she has received, read, and understands the Consent Order and the SCRA Policies and Procedures, has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them. For the duration of this Consent Order, copies of those signed statements shall be provided to the United States within thirty (30) days of the date of each such statement. Defendant shall also certify in writing to counsel for the United States that all employees successfully completed the trainings required by Paragraph 9.

## V. PAYMENTS FOR IDENTIFIED AGGRIEVED SERVICEMEMBERS

11. The United States has previously given Defendant a list of seven (7) identified aggrieved servicemembers whose vehicles are not in Defendant's possession, custody, or control. Provided that each servicemember signs a release of claims against Defendant, as specified in Paragraphs 13 and 14, each of these servicemembers shall receive an amount equal to the average of the estimated trade-in value of the vehicle as of the date of the sale, auction, or

disposal by Defendant and the sale, auction, or disposal price obtained by Defendant for the vehicle, plus an additional payment of five hundred dollars ($500.00). Total payment amounts to each of these seven (7) owners are included in Exhibit 3. Within seven (7) days from the date of entry of this Consent Order, Defendant shall provide its counsel with funds in the amount of thirty-five thousand three-hundred five dollars and six cents ($35,305.06) for these seven (7) servicemembers. In addition, Defendant shall forever waive all towing, storage, and other fees assessed to, and associated with, the seven (7) servicemembers within three (3) days of the date of entry of this Consent Order.

12. The United States has previously given Defendant the name of one (1) servicemember whose vehicle, a 2005 Ford Mustang, is in Defendant's possession, custody, or control. Provided that servicemember signs a release of claims against Defendant, Defendant shall return the 2005 Ford Mustang belonging to this servicemember by permitting him and/or his spouse to retrieve the vehicle from Defendant's storage lot during normal business hours within thirty (30) days of Defendant receiving notification that the United States has obtained a release from the servicemember. In addition, this servicemember shall receive a payment of one-thousand five-hundred dollars ($1,500.00) as specified in Exhibit 3. Within seven (7) days from the date of entry of this Consent Order, Defendant shall provide its counsel with a check totaling one-thousand five hundred dollars ($1,500.00) for this servicemember. In addition, Defendant shall forever waive all past towing, storage, and other fees assessed to, and associated with, this servicemember within three (3) days of the date of entry of this Consent Order. Should the servicemember and/or his spouse not exercise their right to retrieve the vehicle from Defendant's storage lot within thirty (30) days of Defendant receiving notification that the United States has obtained a release from the servicemember, Defendant shall be entitled to storage fees from the

servicemember beginning on the thirty-first (31st) day after Defendant received notification that the United States obtained a release from the servicemember, along with all available rights and remedies under North Carolina state law, to include enforcement of a storage lien and the potential for a judicially authorized sale. Should Defendant seek a default judgment for sale of the 2005 Ford Mustang, Defendant shall indicate on the SCRA military affidavit that the owner is a servicemember.

13. The United States shall have sixty (60) days from the date of entry of this Consent Order to obtain from each of the eight (8) servicemembers a written release of all claims, legal or equitable, that they may have against the Defendant relating to the claims asserted in this case. For all servicemembers other than the owner of the 2005 Ford Mustang, such release shall take the form of Exhibit 4. For the owner of the 2005 Ford Mustang, such release shall take the form of Exhibit 5.

14. When the United States obtains an executed release in the form of Exhibits 4 or 5 from a servicemember, it shall notify Defendant of that fact in writing. Defendant shall have seven (7) calendar days after such notification to send counsel for the United States a check made payable to the servicemember for the amount identified in Exhibit 3 or, in the case of the owner of the 2005 Ford Mustang, one thousand five-hundred dollars ($1,500.00).

15. In no event shall all the funds provided by Defendant to its counsel for the eight (8) servicemembers exceed a total of thirty-six thousand eight-hundred five dollars and six cents ($36,805.06).

16. Once the United States has received from Defendant a payment made pursuant to Paragraph 14, counsel for the United States shall deliver the original signed release to counsel for Defendant, and the payment to the servicemember.

8

17. Defendant's counsel shall return to Defendant the portion of funds allocated to any servicemember(s) who did not execute a release within the sixty (60) days specified in Paragraph 13.

18. The United States has identified twenty-nine (29) additional servicemembers who Defendant obtained a default judgment against, allegedly in violation of the SCRA, authorizing the sale, auction, or other disposal of their vehicle by Defendant. For each of these twenty-nine (29) additional servicemembers, Defendant shall forever waive all remaining towing, storage, and other fees assessed to, and associated with them not offset by the sale of their respective vehicles, within seven (7) days of entry of this Consent Order. Of these twenty-nine (29) additional servicemembers, the parties agree that seven (7) servicemembers' vehicles are still on Defendant's storage lot. These seven (7) servicemembers and their vehicles are listed in Exhibit 3. Should any of these seven (7) servicemembers and/or any co-owners not exercise their right to retrieve the vehicle from Defendant's storage lot within thirty (30) days of the date of entry of this Consent Order, Defendant shall be entitled to storage fees from the servicemember beginning on the thirty-first (31st) day, along with all available rights and remedies under North Carolina law, to include a storage lien and the potential for judicial sale. Should Defendant seek a default judgment for sale, Defendant shall first follow the procedures set forth in Paragraph 6 above.

19. Defendant agrees that no portion of the damages referenced in Paragraph 15 is dischargeable in any current or future bankruptcy and shall not seek to discharge any part of this debt in bankruptcy.

9

Case 7:23-cv-00188-BO-KS   Document 20   Filed 02/01/24   Page 9 of 15

## VI. CIVIL PENALTY

20. Within ten (10) calendar days of the date of entry of this Consent Order, Defendant shall pay a total of thirty-thousand dollars ($30,000) to the United States Treasury as a civil penalty pursuant to 50 U.S.C. § 404l(b)(3) and 28 C.F.R. § 85.5 to vindicate the public interest. However, the payment of this penalty is not an acknowledgement of liability or guilt by Defendant. The payment shall be made in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

## VII. ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS

21. For the duration of this Consent Order, Defendant shall retain all records relating to its obligations hereunder, including its records with respect to all court cases it files seeking authorization to sell, auction, or dispose of any vehicle, and all records relating to compliance activities as set forth herein. The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.

22. During the term of this Consent Order, Defendant shall notify counsel for the United States in writing every six (6) months of receipt of any SCRA or military-related complaint. Defendant shall provide a copy of any written complaints with the notifications. Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendant shall also promptly provide the United States with all information it may request concerning any such complaint, and shall inform the United States in writing within thirty (30) calendar days of the terms of any resolution of such complaint. If the United States raises any objections to Defendant's actions, the Parties shall meet and confer to consider

10

appropriate steps to address the concerns raised by the United States' review. If the Parties are unable to come to an agreement regarding such objections or concerns, either party may bring the dispute to this Court for resolution.

## VIII. SCOPE OF CONSENT ORDER

23. The provisions of this Consent Order shall apply to Defendant and any of his subsidiaries, predecessors, acquired companies, or successors. It shall also apply to Defendant's officers, employees, managers, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with any of those persons and entities.

24. Defendant represents and warrants that he has the legal authority and financial capacity to perform and complete all of his obligations under the terms of this Consent Order and in the timeframes so specified. Defendant separately and as set forth in Exhibit 6 declares under the penalty of perjury that he has the financial capacity to perform and complete all of his obligations under the terms of this Consent Order and in the timeframes so specified.

25. In the event that Defendant merges his towing and repossession business with another entity, Defendant shall, as a condition of such merger, obtain the written agreement of that entity to be bound by any obligations remaining under this Consent Order for the remaining term of this Consent Order.

26. This Consent Order does not release claims for practices not addressed in the Complaint, and it does not resolve and release claims other than claims for violations of 50 U.S.C. § 3931 that may be brought by the United States.

27. Nothing in this Consent Order will excuse Defendant's compliance with any currently or subsequently effective provision of law or order of a regulator with authority over Defendant that imposes additional obligations on him.

28. The Parties agree that, as of the date of entry of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information ("ESI"), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this Paragraph relieves either party of any other obligations imposed by this Consent Order.

## IX. MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

29. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the Parties.

30. The Parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 31.

31. The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of, and compliance with, this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by Defendant's violation or failure to perform.

## X. RETENTION OF JURISDICTION

32.  The Court shall retain jurisdiction over all disputes between the Parties arising out of the Consent Order, including but not limited to interpretation and enforcement of the terms of the Consent Order.

33.  This Consent Order shall be in effect for a period of three (3) years from its date of entry, after which time this case shall be dismissed with prejudice. The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

SO ORDERED

This **29** day of **Jan.**, 2024.

*Terrence W. Boyle*
UNITED STATES DISTRICT JUDGE

13

Dated: December 26, 2023.

For Plaintiff United States of America:

MICHAEL F. EASLEY, JR.
United States Attorney
Eastern District of North Carolina

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division


/s/ C. Michael Anderson
C. MICHAEL ANDERSON
Assistant United States Attorney
Chief, Civil Division
150 Fayette Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: Michael.anderson7@usdoj.gov
N.C. Bar No. 42646
*Attorney for the United States*

CARRIE PAGNUCCO
Chief
Housing and Civil Enforcement Section

ELIZABETH A. SINGER
Director
U.S. Attorneys Fair Housing Program
Housing and Civil Enforcement Section

/s/ Tanya Ilona Kirwan
TANYA ILONA KIRWAN, MD Bar
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street, N.E., Suite 8.125
Washington, D.C. 20530
Tel: 202-532-3826
Fax: 202-514-1116
Email: tanya.kirwan@usdoj.gov
Maryland Bar
*Attorneys for the United States*

Dated: December 21, 2023

For Defendant Billy Joe Goines d/b/a Billy Joe Goines Towing & Recovery:

_____
Billy Joe Goines

_____ 12/22/23
Shana L. Fulton
N.C. State Bar No. 27836
sfulton@brookspierce.com
William O. Walker IV
N.C. State Bar No. 55200
wwalker@brookspierce.com
Christopher B. Dodd
N.C. State Bar No. 59294
cdodd@brookspierce.com
BROOKS, PIERCE, MCLENDON,
 HUMPHREY &LEONARD, L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street Raleigh, NC 27601
Telephone: (919) 573-6204
Fax: (336) 232-9104
*Attorneys for Billy Joe Goines d/b/a Billy
 Joe Goines Towing & Recovery*